UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DANIEL LLOYD HOWARD, | |
| Petitioner, | No. C 14-5580 NJV (PR) |
| vs. | **ORDER OF DISMISSAL** |
| CALIFORNIA SUPREME COURT, | |
| Respondent. | |

Petitioner, a state prisoner, filed a pro se petition for writ of mandate and stay of appellate proceeding. (Doc. 1.) The court construed the petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and dismissed the petition with leave to amend. (Doc. 6.) Petitioner has now filed an amended petition. (Doc. 7.)

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

---

[1] A writ of mandate is an order from an appellate court directing a lower court to take a specified action. *Ellis v. District Court*, 360 F.3d 1022, 1022-23 (9th Cir. 2004) .

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    Legal Claims**

From the original petition it appeared that petitioner was convicted in state court and his direct appeal to the California Court of Appeal was currently being prepared by appointed counsel. Petitioner argued that there were violations of due process during his trial and that trial counsel was ineffective. Petitioner asserted that appellate counsel was ineffective and was not presenting certain claims on appeal. Petitioner filed several petitions for writ of mandate in state court, which were all denied. This court dismissed the original petition with leave to amend for petitioner to address the issue of exhaustion and *Younger* abstention. (Doc. 6.)

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently

violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense are not special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied). The rationale of *Younger* applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *Gilbertson v. Albright*, 381 F.3d 965, 969 n. 4 (9th Cir. 2004).

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

Petitioner's amended petition fails to cure the deficiencies in his original petition. He seeks to have this court appoint new appellate counsel in state court or allow petitioner to proceed pro se in state court. The court finds, however, that petitioner has failed to demonstrate extraordinary circumstances to warrant intervention in an ongoing state proceeding. That he disagrees with his appellate counsel is not sufficient overcome the principles of comity explained in *Younger* and he must pursue that relief in state court. To the extent petitioner wishes to challenge his underlying conviction he must wait until his claims are fully exhausted. The court therefore concludes that it plainly appears from the face of the petition that petitioner is not entitled to habeas corpus relief. The court must therefore dismiss the petition. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

//

//

**CONCLUSION**

The petition is **DISMISSED** for the reasons set forth above.

Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 18, 2015.

_____
NANDOR J. VADAS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| DANIEL LLOYD HOWARD,<br><br>　　　　Petitioner,<br><br>v.<br><br>CALIFORNIA SUPREME COURT,<br><br>　　　　Respondent.　　　　　　　／ | No. 1:14-CV-5580 NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that on March 18, 2015, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person listed below, by depositing said envelope in the U.S. Mail.

Daniel Lloyd Howard
AP 9039
P.O. Box 5007
Housing D2-136
Calipatria, CA 92233

Dated: March 18, 2015

*Linn Van Meter*
Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas

5